## Henry Jones, Appellant, v. The Philadelphia Traction Company.

*Negligence—Trespass for personal injuries—Defect in machinery—Nonsuit.*

In an action against a street railway company to recover damages for personal injuries it appeared that the plaintiff was employed by one of a number of independent contractors engaged in building a power house for the defendant. He was injured by the blowing off of a cap from the end of a steam supply pipe which had been constructed by another contractor, whose employee had negligently turned on the valve. Plaintiff alleged that the accident was caused by the negligence of defendant's engineer who in designing the steam piping had failed to provide for a drip or trap in the steam pipe, by means of which the water, formed by condensation of steam, could be removed. The testimony for the plaintiff was that the accident " was due to one of three causes, improper design, poor material and workmanship, or bad management." It appeared that while drip pipes were in common use they did not act automatically, and that even when used with care their presence would not of itself lessen the danger. *Held*, that a nonsuit was properly entered.

Argued Jan. 26, 1898. Appeal, No. 268, Jan. T., 1897, by plaintiff, from order of C. P. No. 4, Phila. Co., March Term, 1894, No. 1288, refusing to take off nonsuit. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass for personal injuries. Before AUDENRIED, J.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*George Demming*, with him *Frank H. Mullen*, for appellant. —It is well established law that an occupant of property cannot escape liability by the mere employment of another : 1 Beavan on Negligence, 493 ; Rauch v. Lloyd, 31 Pa. 358 ; N. Y., L. E. & W. R. R. v. Bell, 112 Pa. 400 ; Lewis v. Seifert, 116 Pa. 628; Trainor v. R. R.. 137 Pa. 148 ; Gilmore v. P. & R. R. R., 154 Pa. 377 ; Brunner v. Tel. Co., 151 Pa. 447 ; Rummell v. Dillworth, 111 Pa. 343 ; Wischam v. Rickards, 136 Pa. 109 ; Glossen v. Gehman, 147 Pa. 619 ; Mullan v. Phila. & Southern Mail Steamship Co., 78 Pa. 25.

That the testimony given leaves substantial doubt as to the correct inferences to be drawn therefrom, seems quite apparent. It lies only within the province of the jury as to the proper inferences to be deduced from the facts presented : Neslie v. Ry., 113 Pa. 300 ; Howett v. P., W. & B. R. R., 166 Pa. 607; Wilson v. R. R., 177 Pa. 503 ; Ry. Co. v. Foxley, 107 Pa. 537; Schilling v. Abernethy, 112 Pa. 437.

Where an owner constructs under his own designing, no matter whom he employs to do the constructing, he is liable for injuries resulting from defects in that designing : Carson v. Godley, 26 Pa. 111 ; Ardesco Oil Co. v. Gilson, 63 Pa. 150 ; Walden v. Finch, 70 Pa. 460 ; Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185 ; Sykes v. Packer, 99 Pa. 465 ; Moules v. Canal Co., 141 Pa. 632 ; Walton v. Bryn Mawr Hotel Co., 160 Pa. 5.,

Even conceding for the purposes of argument that there was negligence on the part of the men who turned the valve, and that these men in performing this act were either fellow workmen of the appellant or beyond the control of the appellee, this act of negligence was but one of two concurrent acts of negligence in causing the accident, viz : the negligence in turning the valve and the negligence in faulty and unsafe designing ; and therefore appellant has his right of action against either or both of the guilty parties : 2 Thompson on Negligence, 1085, sec. 3 ; Hey v. Phila., 81 Pa. 44 ; Holmes v. Watson, 29 Pa.

457; R. R. v. McKeen, 90 Pa. 122; R. R. v. Brannen, 17 W. N. C. 227; Wharton on Negligence, sec. 145, p. 119; Koelsch v. Phila. Co., 152 Pa. 355; Borough of Carlisle v. Brisbane, 113 Pa. 544; Boehm v. Bethlehem Borough, 4 Pa. Superior Ct. 385.

*Thomas Learning,* with him *S. Davis Page,* for appellee, cited Stringert v. Ross Twp., 179 Pa. 614; Herr v. City of Lebanon, 149 Pa. 222; Schaeffer v. Jackson Twp., 150 Pa. 145; Swanson v. Crandall, 2 Pa. Superior Ct. 85.

OPINION BY MR. JUSTICE FELL, March 21, 1898:

The plaintiff at the time of his injury was employed by a bricklayer, who was one of a number of independent contractors engaged in building a power house for the corporation defendant. He was injured by the blowing off of a cap from the end of a steam supply pipe, which was a part of the steam plant in the course of construction by another contractor. The cap of the pipe was blown off because of the sudden turning of a valve, which allowed the steam to enter too rapidly a section of the pipe which was cold. The valve was turned by an employee of the contractor for the steam plant. The only connection of the defendant with the happening of the accident was the fact that its engineer had designed the system of steam piping, and the negligence alleged was his failure to provide for a drip or trap in the steam pipe by means of which water formed by the condensation of steam could be removed.

The witness upon whom the plaintiff relied to prove that the design was defective stated that there should have been a trap or drip in the pipe, and that in his opinion the accident "was due to one of three causes, improper design, poor material and workmanship, or bad management." It further appeared from the testimony that the pressure of steam alone would not have forced the cap off if the pipes had been free from water, and that the presence of water in the pipes would not of itself have caused the accident if the steam had been turned on gradually. It appeared also that drip pipes are in common use as a means by which water may be drained from steam pipes, but that it is impracticable even by their use to keep the pipes entirely free from water, and that the sudden turning of the valve was therefore negligence.

For poor material and workmanship or bad management, the defendant was not responsible. Either of these was sufficient to have caused the accident, and the latter was shown to have been the immediate cause. As to the question of improper design, drip pipes were the only appliances shown to be in general use, and as they do not act automatically, and even when used with care do not keep the pipes entirely free from water, their presence would not of itself have lessened the danger, nor could their absence have operated as an independent cause of the accident. Under this testimony the jury could not properly have found the defendant responsible for the plaintiff's injury, and there was no error in entering a nonsuit.

The judgment is affirmed.